# VAN GIESON *v.* MAILE.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 121. Submitted April 6, 1909.—Decided April 19, 1909.

However vexatious the conduct of a litigant may be his property should not be sacrificed by reason of the court's action; and it appearing, in this case, that the existence of an order in regard to a sale of property under execution made the sale disastrous, it was proper, whether the order was valid or not, to set the sale aside and order a reconveyance on payment into court of the amount of the judgment.

THE facts are stated in the opinion.

*Mr Henry Van Gieson,* appellant *pro se.*

There was no brief for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought by the appellee to set aside a sale on execution to Van Gieson. The bill alleges the bringing of an action for taxes by a collector, recovery of a judgment on default, and the issue of execution thereupon. It sets up various supposed technical defects in the summons and subsequent proceedings, but these do not need to be stated. It is enough to say that on the ground of such supposed defects motions were made, in the District Court where the judgment was rendered, that the execution be recalled, that the service of summons be set aside and quashed, and that the High Sheriff be ordered not to sell under the execution until further order of the court. This order was made and a time was fixed for the

hearing of the motion at an early day. Nevertheless the sheriff proceeded with the sale as it had been advertised, on the day before that fixed for the hearing, and sold three lots of land, at a very inadequate price, to Van Gieson, an assistant of his. He gave notice pending the sale that at the fall of the hammer he should require a deposit of fifty per cent of the purchase money for each parcel then unsold, a condition not contained in the notice of sale and not enforced against Van Gieson. The bill is founded on the alleged defects in the proceedings before execution as well as in the sale and prays to have the judgment declared void, and, as we have said, the sale set aside. The Supreme Court of the Territory set aside the sale and upon the plaintiff paying into court the amount of the judgment ordered a reconveyance, whereupon Van Gieson appealed to this court.

The ground on which the Supreme Court went was the single short point that the existence of the order, whether valid or not, was what made the sale disastrous. We see no reason for not accepting this conclusion. However vexatious the conduct of the appellee may have been, his property should not be sacrificed by reason of the act of a court.

*Decree affirmed.*